**ZINK v HARDENBROOK et, Etc**

Ohio Appeals, 2nd Dist, Miami Co

No 339.   Decided Jan 23, 1935

J. H. DeWeese, Piqua, and A. W. DeWeese, Piqua, for plaintiff in error.

E. H. Allen, Piqua, and George W. Berry, Piqua, for defendants in error.

## OPINION

By HORNBECK, PJ.

It will be observed that in the Common Pleas Court no error was predicated upon the failure of the Municipal Court to enter a final judgment after overruling motion for new trial. It would seem that it was argued to the Common Pleas Court and here it is urged with much force. Of course, the very basis upon which the defendant could prosecute his error in Common Pleas Court and in this court is that there was a final judgment or order entered against him in the Municipal Court. If there had been no such final judgment, the plaintiffs could have moved to dismiss the proceedings in error and the motion would have properly been sustained. The claim in this court that there is no judgment in the Municipal Court is inconsistent with the prosecution of error. Only those errors that were assigned on the proceedings in Common Pleas Court could properly be considered here. **Pollock v Cohen, 32 Oh St 514; Schoenfield v Heman, 13 O. Dec. Rep. 623.**

"If the intermediate court has correctly decided the question presented to it by the plaintiff in error, it would clearly be improper for its judgment to be reversed by the Supreme Court for some error which the former court neither considered nor was under any obligation to consider." **2 O. Jur. 529, citing Davis v Himes, 6 Oh St 473.**

It may be that the Common Pleas Court in this case did give some consideration to this ground of error, but surely it is not assigned and the court was under no obligation to consider it.

In the doctrine of estoppel it is a well recognized rule that:

"A party cannot be permitted to occupy inconsistent positions or to take a position in regard to a matter which is directly contrary to or inconsistent with one previously assumed by him." **16 O. Jur. 623.**

We have examined the other claimed errors and find none supported by the record. It is urged that upon the pleadings, the trial court could not have reached the determination that he did in favor of the plaintiffs because it was counter to their theory. We do not grant this contention, but if so, when parties by common agreement present facts to a court, the court

can make 'his finding thereon, though he does not follow the strict theory of the pleadings. In this case, if the negligence of the defendant was established in any of the particulars averred in the petition proximately causing the damage complained of and no contributory negligence appeared, the trial court was justified in entering a finding against the plaintiff upon which a judgment could have properly been entered upon the overruling of the motion for new trial.

It is asserted that the plaintiffs' agent was clearly violating §12603 GC in that he was driving at a rate of speed greater than 20 miles an hour, the rate of speed at which in a closely built up section of the city a prima facie case of violation of this section is made. The offense prescribed in §12603 GC is that of driving at a greater rate of speed than is reasonable and proper. The rate of miles per hour is not controlling. All of the other elements and factors set forth in the statute must be taken into consideration. We can not say, nor was the trial court required to say that merely because the defendant was driving more than 20 miles an hour, he was violating the statute. Without further discussion of the claimed errors suffice to say that none appear which were prejudicial to the rights of the defendant and the court was well within its province as a trier of the facts in determining them in favor of the plaintiffs and against the defendant. Judgment affirmed.

KUNKLE and BARNES, JJ, concur.